UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. OWENS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-CV-1579 JAH JLB<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, (ECF No. 34), and;**<br><br>**(2) GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED AND CONSOLIDATED COMPLAINT, (ECF No. 30).** |

**I. INTRODUCTION**

On July 12, 2018, Plaintiff William C. Owens ("Plaintiff") filed a complaint against Defendant Richard V. Spencer,[1] Secretary of the Navy ("Defendant") alleging causes of action for discrimination and retaliation. (ECF No. 1). This Court dismissed Plaintiff's complaint on May 22, 2019, finding that Plaintiff engaged in improper claim splitting, as the action arose from the same nucleus of facts as another case involving the same parties

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carlos Del Toro has been substituted as Secretary of the Navy.

before the Court. (ECF No. 13). Plaintiff appealed, and the Ninth Circuit reversed the judgment and remanded for further proceedings, finding the claims were not duplicative as the causes of action were not the same, did not arise out of the same nucleus of facts, and used different evidence.

On November 1, 2021, Plaintiff filed a First Amended Complaint alleging claims of racial discrimination, age discrimination, retaliation, and disability discrimination. ("FAC", ECF No. 27). Plaintiff's claims against the Defendant in three other cases[2] are consolidated into this complaint subsequent to the Consolidation Order issued by this Court on September 20, 2021. (ECF No. 26). Defendant filed a Motion to Dismiss the FAC on December 15, 2021. ("Mot.", ECF No. 30). Plaintiff filed a Response on December 30, 2021, ("Response", ECF No. 31), and Defendant filed a Reply on January 21, 2022, ("Reply", ECF No. 32). On February 2, 2022, Plaintiff filed a Motion to Strike all Affirmative Defenses.[3] (ECF No. 34).

## II. BACKGROUND

Plaintiff is a former Supervisory Contract Specialist and was employed by the Department of the Navy at the Southwest Regional Maintenance Center until his dismissal on May 25, 2016. (FAC at ¶ 7; Mot. at 3). Plaintiff alleges a number of violations committed by the Defendant during his time as an employee, including discrimination based on his race, age, and disability, as well as retaliation for efforts he took to report these offenses. (*Id.* at ¶¶ 7-27; 54-83; 120-162). The earliest of his allegations took place

---

[2] 3:18-CV-1579 JAH-JLB, 3:18-CV-1852 JAH-JLB, 3:19-CV-0012 JAH-JLB were consolidated with 3:18-CV-1579 JAH-JLB as the lead action. Case 3:18-CV-1796 JAH-JLB was a case filed by Plaintiff against Defendant that was dismissed on March 27, 2019

[3] In this motion, Plaintiff also included a Response to Defendant's Reply. Plaintiff did not request leave to file a sur-reply. As such, the Court will not consider any arguments that attempt to rebut the arguments in Defendant's reply, however, the Court will treat the remaining motion as a Motion to Strike.

in 2011, with allegations spanning from 2011 until his termination in 2016. (*Id.* at ¶¶ 7-27; ¶¶ 54-83; ¶¶120-162).

After being terminated from his position, Plaintiff appealed his termination and requested a hearing with the Merit Systems Protection Board. (Mot. at 2). On October 12, 2017, the Administrative Law Judge affirmed the Plaintiff's dismissal. (Mot. at 2). Plaintiff does not allege that he brought his claims to the Equal Employment Opportunity Commission ("EEOC") beyond allusions to "prior EEO activity" in discussing his retaliation claims, and scattered references to a previously filed complaint with the EEOC with no further details. (FAC at ¶¶ 31-37; 113-119; 189-192).

### III. DISCUSSION

#### A. Judicial Notice

Defendant requests that this Court take judicial notice of the documents on file in Southern District of California cases: (1) 3:18-CV-0791 BAS-WVG; (2) 3:18-CV-1579 JAH-JLB; (3) 3:18-CV-1796 JAH-JLB; (4) 3:18-CV-1852 JAH-JLB; and (5) 3:19-CV-0012 JAH-JLB. (Mot. at 3). Because these documents are court filings in related litigation, judicial notice is appropriate. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

#### B. Motion to Strike Affirmative Defenses

Plaintiff argues that the affirmative defenses raised by the Defendant in the Motion to Dismiss should be stricken as Plaintiff has not had fair notice and the defenses introduce issues unrelated to the claim for relief. (ECF No. 34 at 5). Plaintiff does not specify what affirmative defenses the Defendant has allegedly raised, but appears to assert that the arguments brought by Defendant in their Motion to Dismiss, namely lack of jurisdiction and administrative exhaustion, are affirmative defenses. (*Id.*)

A party may move under Rule 12(f) to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Fed. R. Civ. Pro. 12(f). Motions to strike affirmative defenses are generally disfavored but can be granted when the defense is insufficient as a matter of law. *Multimedia Patent Trust v. Microsoft Corp.*,

525 F.Supp.2d 1200, 1211 (S.D. Cal. 2007). In this case, Plaintiff has not adequately pled that any of Defendant's arguments are redundant, insufficient, or immaterial. For that reason, Plaintiff's Motion to Strike Affirmative Defenses is **denied**.

### C. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Court can grant a motion to dismiss when there is no claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In evaluating a motion to dismiss, the Court accepts as true the allegations in the complaint but is not bound to accept legal conclusions presented as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These allegations are considered true even if doubtful, however, to survive a motion to dismiss the factual allegations must "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A party may also move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and a district court must dismiss an action over which it does not have subject matter jurisdiction. Fed. R. Civ. Pro 12(b)(1); Fed. R. Civ. Pro. 12(h)(3). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

Defendant argues that Plaintiff has not properly brought this action under Title VII, as Plaintiff has not timely filed an administrative charge with the EEOC for his allegations contained in his Complaint. (Mot. at 5). Plaintiff responds by alluding to files possessed by the Department of the Navy regarding Plaintiff's employment, asserting that the Motion to Dismiss should not have been filed.[4] (Response at 5).

---

[4]   Plaintiff also references U.S. Ct. of App. 9th Cir. Rule 36-3 regarding the citation of unpublished dispositions or orders in arguing that Defendant is disregarding Ninth Circuit authority and should not have filed the Motion to Dismiss, however Defendant does not cite to any unpublished authority in their motion or reply. Further, to the extent that Plaintiff is referring to the Ninth Circuit's reversal of the dismissal of his claims, the Ninth Circuit found that the claims were not duplicative but did not make a finding on the issues of administrative exhaustion or the timeliness of the claims.

Defendant's motion is premised on Plaintiff's purported failure to file an EEOC complaint with a counselor within forty-five days of the alleged incident consistent with the requirements in 29 C.F.R. § 1614.105(a)(1), and Plaintiff's failure to file an administrative charge with the EEOC. (*Id.* at 5-6). Defendant argues that without these proceedings, Plaintiff's administrative remedies have not been exhausted, and the complaint must be dismissed for lack of subject matter jurisdiction. (*Id.* at 6-7). Defendant further argues that any allegations related to unlawful termination are time-barred. (*Id.* at 7) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (finding that even when related to acts alleged in other timely filings, discrete discriminatory acts are subject to their own 180-day or 300-day filing period and are not actionable when time barred).).

Plaintiff's response accuses the Defendant of not checking with the Department of the Navy for files related to administrative charges with the EEOC before filing the Motion to Dismiss but provides no explanation as to what those files are or their relevance to the instant matter. (Response at 5). Plaintiff also erroneously asserts that the Ninth Circuit's ruling that reversed the dismissal of his claims bars the Defendant from bringing their Motion to Dismiss. (*Id.*) Plaintiff does not substantively respond to Defendant's arguments regarding Plaintiff's failure to administratively exhaust his claims, or the timeliness of his claims.

Plaintiff brings his claims under Title VII, which requires that the claims must first be brought before the EEOC before they can be brought as a civil action.[5] 42 U.S.C. §

---

[5] Plaintiff also brings his claims under the Federal Vocational Rehabilitation Act 29 U.S.C. § 701, and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621. (FAC at ¶ 5). The Rehabilitation Act also requires that the Plaintiff exhaust his administrative remedies with the EEOC. *See Leong v. Potter*, 347 F.3d 1117, 1121-1122 (9th Cir. 203) (finding plaintiff could not bring a claim under the Rehabilitation Act because his administrative remedies with the EEOC were not exhausted). The ADEA does not require administrative exhaustion but does require that the Plaintiff notify the EEOC of intent to file suit, and there is no evidence that Plaintiff did so in this case. *See Bullock*

2000e-5(f)(1).  For a court to have subject matter jurisdiction over a Title VII claim, administrative remedies must be exhausted. *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Substantial compliance with presenting complaints to appropriate administrative agencies is a requirement for jurisdiction, and when plaintiff has not presented a discrimination complaint to the appropriate authority, the court does not have subject matter jurisdiction. *Sommatino v. U.S.*, 255 F.3d 704, 708 (9th Cir. 2001). Allegations that are not timely included in an EEOC charge may only be considered by the Court when they are reasonably related to the allegations contained in a timely EEOC charge. *B.K.B.*, 276 F.3d at 1100.

The Court finds that Plaintiff does not allege that these claims were brought as part of an EEOC charge.  To the contrary, Plaintiff omits reference to EEOC proceedings and exhaustion of remedies throughout the FAC.  (FAC, Appendix of Changes at 5 ¶¶ 21, 24; 6 ¶¶ 27, 29; 7 ¶ 39, 11 ¶¶ 63, 65, 66; 13 ¶ 79; 15 ¶ 89).  Additionally, while Plaintiff makes passing references to prior EEO activity in discussing the retaliation claims, there are no details about the proceedings, what claim was brought, or what the outcome was.  The complaint contains nothing to support that Plaintiff has properly exhausted his administrative remedies before bringing this action.  The Court does not have subject matter jurisdiction without proper administrative exhaustion and cannot ascertain whether any allegations are reasonably related to allegations contained in an EEOC complaint. Plaintiff has not met his burden of establishing jurisdiction, and the Defendant's Motion to Dismiss the Title VII claims is granted.

Furthermore, both the 180-day and 300-day time periods for filing per 42 U.S.C. 2000e-5(e)(1) had elapsed for all claims that Plaintiff would bring regarding his employment, which was terminated in 2016, as the filing time for a complaint with the

---

*v. Berrien*, 388 F.3d 613, 617 (9th Cir. 2012) (finding that "as long as an aggrieved employee notifies the EEOC of her intent to file suit" administrative remedies do not need to be exhausted).

EEOC begins at the time of the incident. Plaintiff's allegations of racial discrimination, harassment, age discrimination, and disability discrimination begin in 2011, with incidents spanning between 2011 and his termination in 2016, placing all outside the filing period for an EEOC claim. (FAC at ¶¶ 7-27; ¶¶ 54-83; ¶¶120-162). There is no indication in the FAC that there were timely EEOC proceedings initiated in any of these allegations beyond passing references to prior actions. As the time periods for filing a charge with the EEOC have elapsed, Plaintiff is barred from bringing an EEOC proceeding that would exhaust his administrative remedies.[6]

Accordingly, Plaintiff must sufficiently plead that there was a timely filing of an EEOC complaint, and that this action was brought within ninety-days of the conclusion of the EEOC action.

## IV. CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Strike Affirmative Defenses, (ECF No. 34), is **DENIED**, and,

(2) Defendant's Motion to Dismiss, (ECF No. 30), is **GRANTED without prejudice** to afford Plaintiff the opportunity to sufficiently allege that he timely filed his administrative remedies such that his claims would not be time-barred. Plaintiff shall file a Second Amended Complaint within forty-five (45) days from the date of this Order which cures all the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete in itself without reference to his original pleading.

---

[6] The Court further notes there is a ninety-day filing time to bring a suit after the conclusion of an EEOC action. 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Management Services Ltd. Partnership*, 495 F.3d 1119, 1121 (9th Cir. 2007) (finding that the ninety-day filing period for a civil action after an EEOC charge is dismissed "operates as a limitations period" and the action is time-barred if suit is not filed within ninety-days of receiving the notice of the right to sue from the EEOC after the dismissal of the action).

Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). A failure to do so will result in the dismissal of this action with prejudice without further order of the Court.

**IT IS SO ORDERED.**

DATED: July 28, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE