UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM C. OWENS,<br><br>                         Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO,<br>Secretary of the Navy,<br><br>                         Defendant. | Case No.: 3:18-cv-01579-JAH-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF No. 36]; AND**<br><br>**(2) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, [ECF No. 38].** |

**INTRODUCTION**

On July 12, 2018, Plaintiff William C. Owens ("Plaintiff") filed a complaint against Defendant Richard V. Spencer, Secretary of the Navy, alleging causes of action for discrimination and retaliation. ECF No. 1. This Court previously dismissed Plaintiff's complaint on May 22, 2019, finding that Plaintiff engaged in improper claim splitting, as the action arose from the same nucleus of facts as another case involving the same parties before the Court. ECF No. 13. Plaintiff appealed, and the Ninth Circuit reversed the

judgment and remanded for further proceedings, finding the claims were not duplicative as the causes of action were not the same, did not arise out of the same nucleus of facts, and used different evidence. ECF No. 20 ("Mandate").

Pending before the Court is Defendant Carlos Del Toro's, Secretary of the Navy, ("Defendant") Motion to Dismiss the Second Amended and Consolidated Complaint and Request for Judicial Notice. ECF No. 38 ("Motion" or "Mot."); ECF No. 38-1 ("RJN"). Plaintiff filed an Opposition to the Motion and Defendant filed a Reply. ECF No. 44 ("Opp'n"); ECF No. 45 ("Reply"). The Motion is decided on the parties' briefs without oral argument pursuant to Civil Local Rule 7.1.d.1. After a thorough review of the record and for the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Defendant's Request for Judicial Notice is **GRANTED**.

## BACKGROUND

Plaintiff is a former Supervisory Contract Specialist and was employed by the Department of the Navy at the Southwest Regional Maintenance Center, located in San Diego, California, until his dismissal on May 25, 2016. Plaintiff alleges, *inter alia*, that he was subjected to vulgar language, harassment, violent physical contact, and that he was passed over for promotions and transfers based on his race, color, age, and disability. *See* ECF No. 36 (Second Amended and Consolidated Complaint, "SAC") ¶¶ 11-93. Plaintiff also claims the alleged discriminatory conduct created a hostile work environment. *See id.* Defendant's alleged violative conduct dates back to 2011, spanning through Plaintiff's termination in 2016. *Id.* Over the five year period, Plaintiff alleges to have filed seven complaints with the Department of the Navy's Equal Employment Opportunity Office ("EEO"), which he alleges resulted in retaliation. *See id.* ¶¶ 6-10, 48, 54, 56, 58. Plaintiff contends to have administratively exhausted his grievances with his former employer and now seeks redress with this Court. *Id.* ¶¶ 6-10. Plaintiff brings the instant lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Federal Vocational Rehabilitation Act ("Rehabilitation Act"), and the Age Discrimination in Employment Act

("ADEA"), asserting claims of disability discrimination, retaliation for prior EEO activity, age discrimination, race discrimination, and hostile work environment. *Id.* ¶¶ 94-119, 125-134.[1] Defendant seeks dismissal of Plaintiff's SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## **LEGAL STANDARDS**

### I.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

The federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Before reaching the merits of any dispute, a court must first confirm it has subject matter jurisdiction over the suit. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. A jurisdictional challenge may be made either facially or factually through the submission of extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations omitted). With respect to a facial challenge, the moving party asserts that the allegations are insufficient on their face to convey the district court subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As to a factual attack, the moving party disputes the truth of a plaintiff's allegations, which otherwise would invoke subject matter jurisdiction. *Id.*

In analyzing a factual attack on jurisdiction, "the district court may review evidence beyond the complaint, without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). However, once the moving party converts the motion to dismiss into a factual motion through affidavits or supplemental evidence, the burden shifts to the opposing party to present affidavits or additional evidence to establish subject

---

[1] Plaintiff also asks this Court to overturn the Equal Employment Opportunity Commission ("EEOC") Administrative Judge's determination through a separate cause of action, (*id.* ¶¶ 120-124); however, given that the purpose of this Court's instant review is to determine whether to overturn the EEOC Administrative Judge's decision, the Court need not address that as a standalone cause of action.

matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

## II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss can be granted when there is no claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). In evaluating a motion to dismiss, the Court accepts as true the facts alleged in the complaint and draws all inferences in the light most favorable to the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court is not bound to accept as true legal conclusions presented as allegations of fact. *Id.* While recitation of the elements of a cause of action is not sufficient, a well-pleaded complaint may proceed even if the likelihood of recovery is remote. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If a complaint is dismissed under Rule 12(b)(6), the court should "grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).

## **DISCUSSION**

### I. Request for Judicial Notice

As a threshold matter, Defendant asks this Court to take judicial notice of four Exhibits (referencing five Final Agency Decisions ("FADs"))[2] in support of his Motion, which are referenced in the SAC. RJN at 2[3]; SAC ¶¶ 6, 8, 10. Defendant also requests that this Court take judicial notice of the documents on file in the following Southern

---

[2] Defendant requests this Court take judicial notice of the following EEO Final Agency Decisions ("FADs") which were made in response to Plaintiff's administrative complaints to the EEOC: (1) Case No. 12-55262-00215 (ECF No. 38-2, RJN, Ex. 1) ("FAD 1"); (2) DON No. 16-55262-00948 (ECF No. 38-3, RJN, Ex. 2) ("FAD 2"); (3) DON No. 16-55262-01347 (ECF No. 38-3, RJN, Ex. 2) ("FAD 3"); (4) DON No. 16-55262-02751 (ECF No. 38-4, RJN, Ex. 3) ("FAD 4"); (5) DON No. 14-55262-00955 (ECF No. 38-5, RJN, Ex. 4) ("FAD 5").

[3] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

District of California cases: (1) 3:18-cv-0791-BAS-WVG; (2) 3:18-cv-1579-JAH-JLB; (3) 3:18-cv-1796-JAH-JLB; (4) 3:18-cv-1852-JAH-JLB; and (5) 3:19-cv-0012-JAH-JLB. Mot. at 3, n.1.

Although generally a district court may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), it may take judicial notice of "matters of public record" without converting into a motion for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno County et al.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies.") (internal citations and quotations omitted). The Court takes judicial notice of Exhibits 1-4 because these documents are records from an administrative body. *See, e.g.*, *Ortiz v. Mayorkas*, 2023 WL 3398543, at *3 (S.D. Cal. May 11, 2023) (granting defendant's request for judicial notice of Final Agency Decision in EEO proceeding); *Williams v. Santos*, 2022 WL 2176582, at *2 (C.D. Cal. June 15, 2022) (same). The Court also takes judicial notice of the five Southern District of California cases, *see supra*, but only to the extent those cases exist and not with respect to any disputed facts within the record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute'") (citing Fed. R. Evid. 201(b)). Accordingly, Defendant's request for judicial notice is **GRANTED.**

## II.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Defendant argues this Court does not have subject matter jurisdiction over certain of Plaintiff's allegations because they were not administratively exhausted. Mot. at 6-7. Defendant suggests that because Plaintiff's SAC includes specific allegations that are not identified in the FADs attached to Defendant's Motion, Plaintiff must have never previously raised the allegations and therefore never exhausted them in the administrative process. *Id.* at 6-7. Plaintiff opposes Defendant's argument contending that Defendant lacks substantial facts to demonstrate that Plaintiff never raised or never exhausted the administrative process. Opp'n at 6.

A plaintiff who brings claims of discrimination against a federal employer may seek relief under Title VII, the Rehabilitation Act, and the ADEA. Under the Ninth Circuit, a plaintiff must exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") for both Title VII and the Rehabilitation Act in order to establish subject matter jurisdiction in a district court. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) *as amended* (Feb. 20, 2002); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003). The ADEA, however, "contains no express requirement that a federal employee complainant seek administrative relief." *Stevens v. Dep't of Treasury,* 500 U.S. 1, 12, (1991) (Stevens, J., concurring and dissenting). That said, under the ADEA, an employee who seeks to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least thirty (30) days before filing suit. *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003); *see* 29 U.S.C. § 633a(d) (permitting suit without filing EEOC complaint but requiring notice to EEOC of intent to sue); 29 C.F.R. § 1614.201(a) ("As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA[.]").

In order to exhaust administrative remedies, a plaintiff is required to file a timely[4] charge with the EEOC to give the agency opportunity to investigate the charge. 42 U.S.C. § 2000e–5(b). The Ninth Circuit has held that a federal employee has administratively exhausted and therefore a district court has jurisdiction over "any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122 (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)). Indeed, the scope of plaintiff's court action is contingent upon the scope of the EEOC charge and investigation. *Id.* Thus, the factual statements contained within the administrative charge are "the crucial element" in making

---

[4] Individuals may file an administrative complaint not more than 180 days after the occurrence of the alleged discrimination. 29 C.F.R. § 1603.102.

such a determination. *B.K.B.*, 276 F.3d at 1100.

Here, Defendant's factual attack on this Court's subject matter jurisdiction—relying exclusively on FADs (Exhibits 1-4)—is unpersuasive.[5] Mot. at 6. Without more, Exhibits 1-4 do not address the totality of Plaintiff's prior claims against the EEOC. Indeed, Plaintiff alleges to have filed a total of seven complaints with the EEOC, (SAC at ¶¶ 6-10), but Exhibits 1-4 contain Final Administrative Decisions for just five of those seven complaints. RJN at 2. Thus, the Court cannot sufficiently compare the allegations in Plaintiff's SAC with only those claims addressed in the FADs to determine administrative exhaustion. *See Leong*, 347 F.3d at 1122 ("The specific claims made in district court ordinarily must be presented to the EEOC."). And, even if the FADs did address all seven of Plaintiff's alleged complaints, Defendant's exclusive reliance on FADs fails to consider that the FADs may not address each and every claim asserted by the Plaintiff against the EEOC. *See, e.g.*, *B.K.B*, 276 F.3d at 1009 ("The EEOC's failure to address a claim asserted by the plaintiff in her charge has no bearing on whether the plaintiff has exhausted her administrative remedies with regard to that claim.").

More importantly, FADs are not the appropriate documents with which to challenge administrative exhaustion. Indeed, a plaintiff's charges against the EEOC must be "sufficiently precise to . . . describe generally the action or practices complained of." 29 C.F.R. § 1601.12. That is, the charges brought *by Plaintiff against the EEOC* are what is necessary to raise a factual jurisdictional challenge—not an agency's FAD. *See, e.g.*, *Blackman-Baham v. Kelly*, 2017 WL 679514, at *16 (N.D. Cal. Feb. 21, 2017) ("the Court looks to the underlying EEO Complaint to determine whether Plaintiff has exhausted her claims"); *Collins v. McDonald*, 2016 WL 11744753, at *6 (C.D. Cal. June 2, 2016) (when determining administrative exhaustion "district courts should consider whether the new

---

[5] Defendant does not raise a facial challenge with respect to the Court's subject matter jurisdiction.

claims were actually considered in the administrative proceedings") (citing *Bell v. Donley*, 724 F. Supp. 2d 1, 11-12 (D.D.C. 2010)).

Defendant cites to *Newbold-Reese v. Shinseki*, 2010 WL 11549569 (C.D. Cal. June 28, 2010) arguing that the Court should dismiss certain of Plaintiff's allegations because they were never raised and never administratively exhausted. Mot. at 7. However, *Newbold-Reese* is distinct because in that case the court relied on the plaintiff's EEO complaints in determining administrative exhaustion. 2010 WL 11549569 at *3-4 (explaining that "Plaintiff properly exhausted her administrative remedies in connection with the specific [relation] claim in her EEO Complaint," but did not "file a formal EEO Complaint in connection with the [harassment and constructive discharge] claims"). By contrast, here, the most the Court can extrapolate from Defendant's exclusive reliance on the FADs is what *has* been administratively exhausted (*i.e.*, what claims the Court has subject matter jurisdiction over), not what has never been raised by Plaintiff to the EEOC.[6]

Accordingly, Defendant's 12(b)(1) claim with respect to allegations contained in SAC ¶¶ 11, 13, 15-19, 20-22, 25-32, 34-47, 51-52, 54-66, and 93 is **DENIED**.

### III.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendant sets forth two additional grounds for dismissal under Rule 12(b)(6). First, Defendant contends that certain of Plaintiff's allegations regarding his termination are barred by the doctrine of res judicata (*i.e.*, claim preclusion)[7] because some of Plaintiff's allegations "mirror his claims" in *Owens v. Spencer*, No. 3:18-cv-01796-JAH-JLB. Mot. at 7, n.3. Second, Defendant contends many of Plaintiff's allegations are untimely because Plaintiff failed to make contact with an EEO counselor within forty-five (45) days of the

---

[6] Indeed, on occasion, the EEOC may even fail to address specific claims raised by a plaintiff. *See, e.g.*, *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) ("In its investigation and decision, the EEOC only addressed Yamaguchi's sexual harassment allegations against Clark, not her claim of sex discrimination.").

[7] "Claim preclusion" has since replaced the term "res judicata" in the interest in precision. *In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 555 (B.A.P. 9th Cir. 2002).

alleged discriminatory acts as required under 29 C.F.R § 1614.105(a)(1).  Mot. at 7-8.  The Court will address each argument in turn.

### a. Claim Preclusion

As general rule, claim preclusion bars a subsequent suit arising from claims that were previously raised or claims that could have been raised in the prior action.  Claim preclusion applies when the earlier suit:  (1) involved the same claim or cause of action as the subsequent suit; (2) reached a final judgment on the merits; *and* (3) involved the same parties or privies.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citations and quotations omitted).  To determine if subsequent claims constitute the same claim or cause of action, the Court considers:  "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).  "The last of these criteria is the most important."  *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) (citing *Harris*, 621 F.2d at 343).

Here, the Court finds claim preclusion does not bar Plaintiff's claims.  Indeed, in the Mandate, the Ninth Circuit previously held that:

> [Plaintiff's] actions[8] are not duplicative [of *Owens v. Spencer*, No. 3:18-cv-01796-JAH-JLB] because the causes of actions are not the same, as the actions do not arise out of the same transactional nucleus of facts and do not involve substantially the same evidence.

Mandate at 2 (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880 (2008)).  And,

---

[8] In its Mandate, the Ninth Circuit considered all of Plaintiff's active suits including: 3:18-cv-1579, 3:19-cv-0012, and 3:18-cv-1852.  Mandate at 2.

though the Mandate reversed dismissal finding the doctrine of claim-splitting did not apply to this matter, *Adams* makes clear that the Ninth Circuit borrows its claim-splitting analysis from claim preclusion. *Adams*, 487 F.3d at 688 ("To determine whether a suit is duplicative, we borrow from the test for claim preclusion."). Because this Court is required to follow the Mandate and must refrain from varying or examining it except to the extent necessary to execute its directive, the Court **DENIES** Defendant's motion to dismiss based on claim preclusion.

### b. Timeliness

The federal rules promulgated by the EEOC set forth specific "[p]re-complaint processing" requirements for federal employees alleging discrimination by a governmental agency. *See* 29 C.F.R. § 1614.105. Before bringing an administrative complaint, a federal employee "must consult a[n EEO] Counselor" to try to informally resolve the matter and "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory[.]" 29 C.F.R. § 1614.105(a); *see also Monk v. Dejoy*, 2023 WL 2870363, at *6 (N.D. Cal. Apr. 10, 2023) ("[t]his 45-day requirement is considered, in the context of Rule 12(b)(6) analysis, as a condition precedent to suit"). Notwithstanding waiver, estoppel, or equitable tolling, "failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim in federal court." *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009) (alteration and omission in original).

The start of the 45-day clock "depends on whether the claim is based on discrete acts or a single discriminatory employment practice." *Blackman-Baham*, 2017 WL 679514, at *14. "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Thus, discrete discriminatory acts (*e.g.*, allegations of unlawful termination, refusal to promote, hire, or transfer) are not actionable if time barred. *Blackman-Baham*, 2017 WL 679514, at *14. However, discriminatory employment practices (*e.g.*, hostile work environment) by their very nature involve repeated conduct that may occur "over a series of days or perhaps years

and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115. Consequently, as long as at least one act contributing to the alleged discriminatory practice occurs within the statutory time frame, the entire discriminatory employment practice is considered timely. *Id.* at 117.[9]

Plaintiff has not argued wavier, exhaustion, or equitable tolling to excuse timeliness under 29 C.F.R. § 1614.105(a). The question before this Court is thus whether Plaintiff initiated contact with an EEO Counselor within at least 45 days of the alleged discriminatory events before filing his administrative complaints with the EEOC.

Here, Defendant asserts that "many" of Plaintiff's allegations are untimely because Plaintiff failed to contact an EEO counselor within 45 days of the alleged discriminatory acts, but only points to two specific claims—SAC ¶¶ 75-76 (alleging Plaintiff was subjected to a hostile work environment when moved into a different building away from all personnel without sufficient ventilation and without access to restrooms). Mot. at 7-8. Defendant cites to Exhibit 2 ("FAD 2") arguing that Plaintiff's disparate treatment claims were not timely raised and therefore must be dismissed. Mot. at 7. However, the Administrative Judge only dismissed Plaintiff's claims *to the extent* they involved discrete discriminatory acts prior to December 12, 2015 (45 days before Plaintiff's contact with the EEO Counselor). RJN, Ex. 2 at 3. Those claims were not, however, time barred under the hostile work environment analysis. *Id.* at 3 (". . . Claims A through D are dismissed to the extent they allege disparate treatment. Nevertheless, Claims A through D will be addressed on the merits as discrete acts for purposes of discussion. The claims will also be considered under a hostile work environment analysis.").

---

[9] Because determining whether a discrimination claim involves a discrete discriminatory act or a discriminatory employment practice is a fact-intensive question, district courts on occasion may decline in addressing timeliness at the pleading stage. *Blackman-Baham*, 2017 WL 679514, at *14.

And, though Plaintiff maintains that he timely raised his claims with the EEOC and exhausted his remedies,[10] he does not specify as to if or when he contacted an EEO counselor. *See generally* SAC. Because neither party has provided the EEO counselor's reports nor the EEOC complaints in this matter, the Court turns to the FADs provided by Defendant which state:

- On October 25, 2011, Plaintiff requested Equal Employment Opportunity (EEO) Counseling. RJN, Ex. 1 at 2.
- On January 26, 2016, Plaintiff made contact with an EEO Counselor. RJN, Ex. 2 at 3.

The FADs, however, are of minimal help to the Court because they include only two dates for Plaintiff's alleged seven EEOC complaints. Because the record does not contain allegations or evidence reflecting all instances that Plaintiff initiated contact with an EEO Counselor, the Court cannot conclusively determine timeliness of the alleged discriminatory employment practices. Nevertheless, the Court concludes that Plaintiff is time barred from alleging the following discrete discriminatory acts contained in SAC ¶¶ 75-76, including: (1) "Richard Bauer and Charles Duprey physically escorted the Plaintiff out of building 77 to building 76 four blocks away from the code 400 contract department isolating the Plaintiff," (SAC ¶ 75); and (2) Plaintiff was "placed in a room without adequate ventilation, [] heating, [and the] windows [were] sealed shut which could not be disturbed due to lead-based paint," which "had no access to a restroom [sic] to relieve himself of bodily functions" resulting in his admission to the VA hospital emergency room. SAC ¶ 76. Accordingly, the Court **GRANTS** Defendant's Motion with respect to those discrete discriminatory acts in SAC ¶¶ 75-76. The Court, however, **DENIES** Defendant's Motion with respect to Plaintiff's remaining allegations *and* to the extent Plaintiff's claims in SAC ¶¶75-76 allege a hostile work environment.

---

[10] *See* SAC ¶¶ 2, 6-10, 30, 48, 61, 65, 69, 83, 89, 97, 104, 110, 119, 130, and 134.

**CONCLUSION AND ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED:

(1) Defendant's Request for Judicial Notice is **GRANTED**;

(2) Defendant's Motion to Dismiss pursuant to Pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**; and

(3) Defendant's Motion to Dismiss pursuant to Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

DATED: March 26, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE