UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

WILLIAM OWENS,
Plaintiff,
v.
HUNG CAO,
Acting Secretary of the Navy,
Defendant.

Case No.: 3:18-cv-01579-JAH-JLB

**ORDER SETTING LIMITED ORAL ARGUMENT AS TO MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Hung Cao's ("Defendant")[1] Motion for Summary Judgment on Plaintiff William Owens's ("Plaintiff") claims. Dkt. No. 62 ("Motion"). Plaintiff opposes the Motion, and Defendant has filed a reply. Dkt. Nos. 64 ("Opposition"), 66 ("Reply"). Plaintiff separately submitted two requests for judicial notice in support of his Opposition. Dkt. Nos. 65 ("RJN 1"), 67 ("RJN 2").

On September 18, 2026, this Court issued an order directing the parties to show cause why the Court should consider evidence in RJN 2 in support of Plaintiff's Opposition. Dkt. No. 80 ("OSC"). The parties timely filed their responses to the OSC, Dkt. Nos. 81–82, and the matter is now fully briefed before the Court. Given the parties'

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendant, the Acting Secretary of the Navy, is automatically substituted for former Secretary John Phelan and is sued in his official capacity.

representations, including Plaintiff's failure to explain his late submission of Exhibits F–K and Defendant's representation that Exhibits F, G, and J "are not located within the voluminous administrative and discovery record created in this case,"[2] the Court finds it appropriate to set a Hearing for the parties to present oral argument addressing these issues to assist the Court in its determination of whether to consider the RJN 2 evidence in ruling on Defendant's Motion for Summary Judgment.[3] Accordingly, the Court **HEREBY ORDERS** the parties to appear on **November 10, 2026**, at **2:00 p.m.** to present oral argument on the following issues:

1. Whether Plaintiff has shown **good cause** and **excusable neglect** for filing the **RJN 2 evidence** *after* April 16, 2025, the Court's deadline for Plaintiff to oppose Defendant's Motion for Summary Judgment. *See* Dkt. Nos. 63–64, 67. *See also* Fed. R. Civ. P. 6(b)(1)(B); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The parties should be prepared to address (1) the danger of prejudice to Defendant; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether Plaintiff acted in good faith. *See Ahanchian*, 624 F.3d at 1261.
2. If Plaintiff disclosed **Exhibits F, G, and J** during discovery in the current action, whether "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). The parties should be prepared to address whether any failure to disclose was substantially justified or harmless, including:
    a. As to **Exhibits F and J**, Defendant represents that its June 2024 request for production sought "all records Plaintiff intended to use to support

[2] Dkt. No. 82 at 4.
[3] Defendant does not object to the Court's consideration of Exhibit H, Dkt. No. 82 at 2–3, and the Court has taken judicial notice of Exhibit K, subject to the limitations stated in the OSC, Dkt. No. 80 at 6–7, 13. The issues set for hearing therefore concern Exhibits F, G, I, and J.

his claims," and that neither email appears in the administrative record or in Plaintiff's production. Dkt. No. 82 at 5–6. Plaintiff should address whether he possessed Exhibits F and J when he responded to that request and, if so, why he did not produce them. The parties should also address whether Defendant had an opportunity to object to Exhibits F and J before its response to the OSC and, if so, whether any objection not raised at that time has been forfeited.

b. As to **Exhibit G**, Defendant acknowledges that "Plaintiff produced a partial transcript of Commander Elliott's deposition in response to discovery," but states that "the partial transcript consists solely of the cover page and page 85 of the transcript," such that the remainder of Exhibit G was not produced. Dkt. No. 82 at 6. Defendant should address whether it had an opportunity to object to Exhibit G before its response to the OSC and, if so, whether any objection not raised at that time has been forfeited. In addition, the parties should address whether consideration of the deposition excerpt is appropriate. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002); *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003).

c. Whether Defendant otherwise had access to such evidence, including whether the evidence consists of documents in Defendant's possession, custody, or control. *See* Fed. R. Civ. P. 26(e)(1)(A), 34(a)(1). Defendant should address whether the Department of the Navy maintains copies of Exhibits F and J or a complete transcript of Cmdr. Elliott's deposition.[4]

3. Whether any prejudice to Defendant can be properly cured by the Court ordering

[4] Defendant's declaration addresses only the record maintained by the United States Attorney's Office. Dkt. No. 82 at 5–6.

Plaintiff to produce additional discovery relating to the RJN 2 evidence, such as a full transcript of **Exhibit G** and any other relevant evidence probative of the issues properly before the Court, and allowing Defendant to file a supplemental brief in support of its Motion for Summary Judgment. The parties should be prepared to address whether exclusion of any RJN 2 exhibit would be tantamount to dismissal of a claim, such that the Court must consider whether Plaintiff's noncompliance involved willfulness, fault, or bad faith, and the availability of lesser sanctions. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). The parties should also be prepared to address whether the RJN 2 evidence, if considered, raises a genuine dispute of material fact that would preclude summary judgment on any claim.

4. Whether the Court should decline to consider **Exhibit I**. Defendant argues that Plaintiff abandoned his reliance on **Exhibits G, I, and J** because "Plaintiff's brief is entirely silent in addressing the remaining Exhibits G, I and J." Dkt. No. 82 at 3. As to **Exhibits G, I, and J**, it appears that Plaintiff relies on the substance of these exhibits despite several citation errors.[5] In light of Plaintiff's typographical errors, the Court **REJECTS** Defendant's argument that Plaintiff abandoned his reliance on Exhibits G, I, and J. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Given that Defendant does not argue that considering **Exhibit I** would cause any prejudice, Defendant may present **oral argument** as to why the Court should decline to consider **Exhibit I**.

The Hearing and oral argument shall be limited to the Court's determination of the issues provided herein.

---

[5] *See id.* at 2 (mislabeling "Exhibit I" as "Exhibit E"); *id.* at 3 (discussing Commander Elliott's deposition testimony (Exhibit G) without citing the exhibit); *id.* at 3–4 (citing to Plaintiff's original numbering in RJN 2 with respect to the Court's renumbered "Exhibit K," cited to as "Exhibit F," and renumbered "Exhibit J," cited to as "Exhibit E").

Separately, the OSC did not invite reconsideration of the Court's rulings as to judicial notice of the RJN 1 and RJN 2 exhibits. Dkt. No. 80 at 14. Thus, to the extent Plaintiff requests reconsideration, *see* Dkt. No. 81 at 1–4, Plaintiff's request is **DENIED**. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

IT IS SO ORDERED.

DATED: October 23, 2026

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE